

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXⵯⵯⵯⵯ
ATTORNEY GENERAL

Honorable George T. Thomas
County Attorney
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. O-5699
Re: Procedure to be followed after
a man is charged with the offense
of forgery and pleads insanity and
is judged insane in the District
Court.

Your letter of October 23, 1943, requesting the opinion of this department on questions stated therein reads as follows:

"A man charged with forgery in the District Court of Howard County pleaded insanity at the time of trial, and was given the separate trial upon such issue prior to his trial for the offense, and was by the jury found to be insane, and the District Court duly entered its judgment accordingly. His judgment ordered the defendant committed to the custody of the sheriff, subject to the further order of the County Judge of the County, and the proceedings were certified to the County Judge.

"As we interpret Article 932a of the Code of Criminal Procedure, Sec. 1, Subsection b, after the proceedings have been certified to the County Judge, the County Judge need only issue an order of committment based upon the District Court's judgment of insanity, committing the Defendant to a State Mental Institution.

"However, the Superintendent of the Big Spring State Hospital is of the opinion that it is necessary that, after the proceedings have been certified to the County Judge, that thereafter the Defendant must be retried under the usual procedure of committment in the County Court.

"Will you please give us your opinion upon this matter as soon as possible as we have this man in jail awaiting some decision on this matter. We have searched for some cases upon this matter but have been unable to find any authority in point.

Article 932a Vernon's Annotated Code of Criminal Procedure reads in part as follows:

"Sec. 1. In any case where insanity is interposed as a defense and the defendant is tried on that issue alone, before the main charge, and the jury shall find the defendant insane, or to have been insane at the time the act is alleged to have been committed, and shall so state in their verdict, and further find the defendant:

"a. To have been insane at the time the act is alleged to have been committed, but sane at the time of trial, he shall be immediately discharged;

"b. To have been insane at the time the act is alleged to have been committed and insane at the time of trial, or sane at the time the act is alleged to have been committed and insane at the time of trial, the court shall thereupon make and have entered upon the minutes of the court an order committing the defendant to the custody of the Sheriff, to be kept subject to the order of the County Judge of the County, and the proceedings shall forthwith be certified to the county judge who shall at once take the necessary steps to have the defendant committed to and confined in a State Hospital for the insane until he becomes sane.

"  . . . .

"When the defendant so committed to a Hospital for the insane becomes sane the superintendent of the Hospital shall give written notice of said fact to the judge of the court from which order of committment issued. Upon receipt of such notice the judge shall require the Sheriff to bring defendant from the Hospital and place him in proper custody until the hearing may be had before a jury in such court to determine defendant's sanity, and if he be found sane, he shall be discharged, unless he had been previously found to be sane at the time at which he is alleged to have committed the offense charged, and which event, unless previously acquitted, he shall be tried for the offense charged."

Article 5561a, Vernon's Annotated Civil Statutes of Texas, sets forth the manner of apprehension, arrests and trial of persons who are alleged to be of unsound mind and not charged with a criminal offense.

Where a person is charged with a criminal offense, insanity may be interposed as a defense and the defendant tried on that issue alone. When insanity is interposed as a defense, the procedure to be followed is that set out by Article 932a, Vernon's Annotated Code of Criminal Procedure.

Your letter does not disclose whether the defendant was insane at the time of the alleged commission of the offense and insane at the time of trial, or sane at the time the act is alleged to have been committed and

insane at the time of trial. However, your letter does disclose that the defendant pleaded insanity at the time of trial, and was given a separate trial upon such issue prior to trial for the offense and was by the jury found to be insane. Upon such finding by the jury the District Court duly entered his judgment accordingly and ordered the defendant committed to the custody of the sheriff, subject to the further orders of the County Judge of the County, and proceedings were certified to the County Judge.

After carefully considering the foregoing statute in connection with the facts stated in your inquiry it is our opinion that the County Judge should issue an order of committment based upon the District Court's judgment of insanity committing the defendant to a State institution to be confined therein until he becomes sane. It is our further opinion that the defendant cannot now be tried in the County Court to determine whether or not he is of unsound mind under Article 5161a supra. Stated another way, such procedure is not authorized by the statutes of this State. As heretofore stated, the County Judge should issue an order of committment based upon the District Court's judgment of insanity committing the defendant to a State institution to be confined therein until he becomes sane.

In connection with the foregoing we direct your attention to our opinion No. O-424 relative to the procedure to be followed by the county clerk as relates to committment under Article 927 Vernon's Annotated Code of Criminal Procedure and enclose a copy of the same herewith. What was said there relative to the procedure of the county clerk is equally applicable to the procedure of said clerk as relates to committment under article 932a, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 4, 1943

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:ncd
encl.

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN